USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 5/17/2018

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
:
LAWSON HO-SHING,                                            :
                                                            :
                                    Plaintiff,              :
                                                            :    17 Civ. 4633 (LGS)
                -against-                                   :
                                                            :    **OPINION AND ORDER**
ALEXANDER M. BUDD, *et al.*,                                :
                                                            :
                                    Defendants.             :
------------------------------------------------------------X

LORNA G. SCHOFIELD, District Judge:

      Plaintiff Lawson Ho-Shing brings this action *pro se* against Alexander Budd; Shapiro, DiCaro & Barak, LLC ("SDB"); Wells Fargo Bank, N.A. ("Wells Fargo") and Geraldine Johnson.[1] The Complaint brings statutory claims under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA"); New York General Business Law § 349 ("NYGBL"); Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq.* ("FCRA"); and New York common law claims of professional negligence and civil conspiracy. The Complaint seeks both damages and injunctive relief.

      Defendants move to dismiss the Complaint pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). For the reasons below, the motion is granted.

**I.    BACKGROUND**

      The following alleged facts are taken from the Complaint and documents attached to or integral to the Complaint. *See Tannerite Sports, L.L.C.*, *v. NBC Universal News Grp.*, 864 F.3d 236, 247-48 (2d Cir. 2017). Facts are also drawn from documents of which the Court takes judicial notice, because they are "publicly available" and their "accuracy cannot reasonably be

---

[1] The Complaint also named Herman John Kennerty, but the Court dismissed the case for failure to prosecute with respect to Kennerty pursuant to Federal Rule of Civil Procedure 41(b).

questioned." *Apotex Inc. v. Acorda Therapeutics, Inc.*, 823 F.3d 51, 60 (2d Cir. 2016); *see also George v. Nationstar Mortg., LLC*, No. 16 Civ. 261, 2017 WL 3316065, at *5 (E.D.N.Y. Aug. 2, 2017) (citations omitted) ("A court can take judicial notice of state court decisions on a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure."). As required for the present motion, all factual allegations in the Complaint are assumed to be true.

### A. Factual Background

Plaintiff obtained a mortgage loan from Fremont Investment & Loan ("Fremont") on November 12, 2005. On March 19, 2008, Wells Fargo prepared a consolidation, extension and modification agreement for Plaintiff's mortgage, but backdated the document to February 20, 2008. Wells Fargo then offered the modification agreement to Plaintiff, inducing him to sign the backdated document, even though it had no interest in the loan.

On June 18, 2008, Freemont filed for bankruptcy. On October 27, 2010, during the bankruptcy proceedings, one of Fremont's nominees, Mortgage Electronic Registration Systems, Inc. ("MERS"), prepared an assignment of Plaintiff's mortgage from Fremont to Wells Fargo. Herman Kennerty signed the document, purporting to be the assistant secretary of MERS. Geraldine Johnson, an employee of Wells Fargo and a notary, backdated her notary stamp so that it appeared that she notarized the assignment of mortgage on October 18, 2010.

### B. State Court Procedural Background

On June 20, 2013, after Plaintiff defaulted on the Consolidated Mortgage Loan, Wells Fargo brought a foreclosure action in the New York Supreme Court, County of Bronx. Throughout the foreclosure action, Wells Fargo was represented by Alexander Budd, an attorney at SDB. Plaintiff's counsel filed an answer on August 8, 2013, which raised affirmative defenses and counterclaims. The seven counterclaims raised by the Answer included:

> 1. Wells Fargo violated 12 U.S.C. § 2605 by failing to notify Ho-Shing fifteen days in advance of the assignment of the mortgage.

2

2. Wells Fargo violated the statute of frauds when it "fabricated documents and/or made false statements in documents for purposes of inducing the Defendants to pay money or surrender their home to the Plaintiff."

3. Wells Fargo violated Banking Law §6-1 by inducing Defendants to enter into a mortgage agreement without "verifying Defendants' income and ability to pay the obligation . . ." In fact, "Defendants' employment information was not reviewed, falsified, altered, inflated, or otherwise adjusted without knowledge or consent of Defendants in order for Plaintiff to execute a high-cost loan . . ."

4. Wells Fargo violated the Home Mortgage Disclosure Act, 12 U.S.C. 29 § 1003.

5. Wells Fargo violated the FCRA by repeatedly reporting false and negative information about Ho-Shing's credit.

6. Wells Fargo misrepresented the facts of the loan to Ho-Shing.

7. Wells Fargo failed to "investigate and ascertain the economic status" of Ho-Shing.

The New York Supreme Court entered summary judgment for Wells Fargo, and dismissed the counterclaims in Plaintiff's Answer with prejudice, finding that "Defendants' answer is nothing more than a general denial which is insufficient to create an issue of fact regarding defendants' obligation to pay the promissory note . . ." *Wells Fargo Bank, N.A. v. Lawson Ho-Shing*, No. 380685/2013, slip op. at 1 (N.Y. Sup. Ct. Jan. 20, 2016) ("*Ho-Shing I*"). Thereafter, the New York Supreme Court entered a judgment of foreclosure and sale for Plaintiff's home. *Wells Fargo Bank, N.A. v. Lawson Ho-Shing*, No. 380685/2013, slip op. at 1 (N.Y. Sup. Ct. May 11, 2017) ("*Ho-Shing II*").

Plaintiff moved to vacate the foreclosure order on the grounds that Wells Fargo, "its agents and or attorneys, either knew who, or set into motion the actions whereby documents were manufactured for the purposes of litigation, in order to get standing in the Courts, with intent to deceive the Court . . . ." The New York Supreme Court denied the motion, reasoning that Plaintiff "failed to meet his burden of establishing fraud, misrepresentation, or other misconduct on the part of the plaintiff in this matter which could warrant vacatur . . ." *Wells*

*Fargo Bank, N.A. v. Ho-Shing*, No. 380685/2013, slip op. at 2 (N.Y. Sup. Ct. Mar. 31, 2017) ("*Ho-Shing III*").

Plaintiff also moved to stay the sale of his home pending appeal, on the basis that "[f]ake documents were submitted to this Court, in order to get standing." That motion was also denied, as the court determined that "Ho-Shing has failed to demonstrate sufficient merit to his appeal for this Court to stay the final judgment of foreclosure." *Wells Fargo Bank, N.A. v. Ho-Shing*, No. 380685/2013, slip op. at 17 (N.Y. Sup. Ct. Nov. 24, 2017) ("*Ho-Shing IV*").

## II. LEGAL STANDARDS

A document filed pro se is to be liberally construed, and a pro se complaint is held to less stringent standards than formal pleadings drafted by lawyers. *See Fowlkes v. Ironworkers Local 40*, 790 F.3d 378, 387 (2d Cir. 2015). "We afford a pro se litigant 'special solicitude' by interpreting a complaint filed pro se to raise the strongest claims that it suggests." *Hardaway v. Hartford Pub. Works Dep't*, 879 F.3d 486, 489 (2d Cir. 2018) (citation and internal quotation marks omitted). Yet, despite this "special solicitude," "pro se status does not exempt a party from compliance with relevant rules of procedural and substantive law." *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 477 (2d Cir. 2006) (internal quotation marks omitted); *accord Deverow v. City of New York*, No. 15 Civ. 6710, 2017 WL 711763, at *2 (S.D.N.Y. Feb. 7, 2017).

### A. Fed. R. Civ. P. 12(b)(1)

In order to survive a motion to dismiss under Rule 12(b)(1), "the plaintiff has the burden of proving by a preponderance of the evidence that subject matter jurisdiction exists." *Katz v. Donna Karan Co.*, 872 F.3d 114, 120 (2d Cir. 2017). All material allegations in the Complaint are accepted as true, however, "argumentative inferences favorable to the party asserting jurisdiction should not be drawn." *Atl. Mut. Ins., v. Balfour Maclaine Int'l Ltd.*, 968 F.2d 196, 198 (2d Cir. 1992); *accord Senatore v. Ocwen Loan Servicing, L.L.C.*, No. 16 Civ. 8125, 2017

4

WL 3836056, at *2 (S.D.N.Y. Aug. 31, 2017). In considering 12(b)(1) motions, a court may rely on evidence outside the pleadings, such as affidavits. *See Cortlandt St. Recovery Corp. v. Hellas Telecommunications, S.a.r.l.*, 790 F.3d 411, 417 (2d Cir. 2015).

### B. Fed. R. Civ. P. 12(b)(6)

To survive a motion to dismiss under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. On a Rule 12(b)(6) motion, "all factual allegations in the complaint are accepted as true and all inferences are drawn in the plaintiff's favor." *Apotex Inc. v. Acorda Therapeutics, Inc.*, 823 F.3d 51, 59 (2d Cir. 2016).

## III. DISCUSSION

### A. Wells Fargo

The Complaint claims that Wells Fargo violated the (1) FDCA, (2) NYGBL, (3) FCRA and (4) participated in a civil conspiracy. The Complaint seeks both injunctive relief and damages with respect to each claim. As described below, the Complaint's claims for injunctive relief are dismissed under Rule 12(b)(1), because the *Rooker-Feldman* doctrine prevents reviewing the New York Supreme Court's grant of a judgment of foreclosure and sale. The Complaint's claims for monetary damages against Wells Fargo are dismissed under Rule 12(b)(6), because they are barred by the preclusion doctrines of *res judicata* and collateral estoppel. Likewise, collateral estoppel also bars the claims against Budd, SDB and Johnson.

#### 1. Subject Matter Jurisdiction

The Complaint's claims against Wells Fargo arise from the same set of facts as the suit in the New York Supreme Court, and seek substantive review of that court's decisions. All of Plaintiff's claims are dismissed for lack of jurisdiction, to the extent that they seek injunctive

5

relief that would nullify the New York Supreme Court's summary judgment decision and its judgment of foreclosure and sale.

"Under the *Rooker-Feldman* doctrine, federal district courts lack jurisdiction over cases that essentially amount to appeals of state court judgments." *Vossbrinck v. Accredited Home Lenders, Inc.*, 773 F.3d 423, 426 (2d Cir. 2014) (citing *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 283-84 (2005)). There are four requirements for the application of *Rooker-Feldman*: (1) the federal-court plaintiff lost in state court; (2) the plaintiff complains of injuries caused by a state court judgment; (3) the plaintiff invites review and rejection of that judgment and (4) the state judgment was rendered before the district court proceedings commenced. *Sykes v. Mel S. Harris & Assocs. LLC*, 780 F.3d 70, 94 (2d Cir. 2015) (citations omitted). "[C]laims asking the federal court to review the state proceedings and determine that the foreclosure judgment was issued in error are barred by *Rooker-Feldman*[.]" *Nath v. Select Portfolio Servicing, Inc.*, No. 15 Civ. 8183, 2017 WL 782914, at *7 (S.D.N.Y. Feb. 28, 2017) (quoting *Vossbrinck*, 773 F.3d at 427) (internal quotation marks omitted). Even "[t]o the extent [plaintiff] asks the federal court to grant him title to his property because the foreclosure judgment was obtained fraudulently, *Rooker-Feldman* bars [his] claim." *Vossbrinck*, 773 F.3d at 427.

Here, all four requirements are met, and the *Rooker-Feldman* doctrine bars reversal of the foreclosure and sale of Plaintiff's home. First, Plaintiff lost in the state court. Wells Fargo brought a foreclosure action against Plaintiff in the Supreme Court of New York, and Plaintiff raised various counterclaims. The New York court granted summary judgment in full to Wells Fargo. *Ho-Shing I*, No. 380685/2013, at 1. Second, the complained-of injury, the sale of the property, was the result of the state court's judgment. Third, Plaintiff invites review of the state court judgment, requesting, among other things, a judgment that: (1) "[d]eclare[s] the assignment of mortgage is void," (2) "require[es] defendants to take corrective action with any Court to which they filed a foreclosure lawsuit" and (3) "restrain[s] defendant Wells Fargo Bank from

6

auctioning Ho-Shing's home . . ." Fourth, the state court proceedings were final before this action began. Summary judgment was entered in favor of Wells Fargo on January 20, 2016, *see Ho-Shing I*, No. 380685/2013, at 1, and the judgment of foreclosure and sale was entered on May 11, 2017. *See Ho-Shing II*, No. 380685/2013, at 1. Plaintiff did not file his federal complaint until June 20, 2017.

As a result, to the extent that Plaintiff requests an injunction undoing the judgment of the New York Supreme Court, his complaint is dismissed for lack of jurisdiction. However, to the extent that the Complaint seeks monetary damages based on statutory violations, there is jurisdiction over those claims, because they "do not require that the Court review and reject" the state court judgment. *See, e.g.*, *Noriega v. US Bank, Nat'l Ass'n*, No. 16 Civ. 1058, 2017 WL 3172998, at *4 (E.D.N.Y. July 25, 2017) (holding that federal statutory claims prompted by a judgment of foreclosure "are not barred by *Rooker-Feldman* to the extent they seek damages.").

### 2. Res Judicata and Collateral Estoppel

"Even if Plaintiff's claims are outside *Rooker-Feldman*'s compass, a subsequent federal suit could also, of course, be barred by ordinary preclusion principles." *Nath*, 2017 WL 782914, at *9 (citing *Hoblock v. Albany Cty. Bd. of Elections*, 422 F.3d 77, 88 n.6 (2d Cir. 2005)). "A court may consider a *res judicata* defense on a Rule 12(b)(6) motion to dismiss when the court's inquiry is limited to the plaintiff's complaint, documents attached or incorporated therein, and materials appropriate for judicial notice." *TechnoMarine SA v. Giftports, Inc.*, 758 F.3d 493, 498 (2d Cir. 2014); *accord Lopez v. City of New York*, No. 17 Civ. 3014, 2017 WL 4342203, at *7 (S.D.N.Y. Sept. 28, 2017). Likewise, "[a] court may dismiss a claim on collateral estoppel grounds on a motion to dismiss." *Graham v. Select Portfolio Servicing, Inc.*, 156 F. Supp. 3d 491, 505 (S.D.N.Y. 2016) (citing *Salahuddin v. Jones*, 992 F.2d 447, 449 (2d Cir.1993)). In this case, *res judicata* (i.e., claim preclusion) bars the claims against Wells Fargo and collateral estoppel (i.e., issue preclusion) bars the Complaint's claims against all Defendants.

### a) Res Judicata

"When applying the doctrine of *res judicata*, a federal court must give to a state-court judgment the same preclusive effect as would be given that judgment under the law of the State in which the judgment was rendered." *Worthy-Pugh v. Deutsche Bank Nat'l Tr. Co.*, 664 F. App'x 20, 22 (2d Cir. 2016) (summary order) (quoting *Migra v. Warren City Sch. Dist. Bd. of Educ.*, 465 U.S. 75, 81 (1984)) (internal quotation marks omitted). Under New York law, a defendant moving to dismiss an action on the basis of claim preclusion "must show (1) the previous action involved an adjudication on the merits; (2) the previous action involved the same adverse parties or those in privity with them; and (3) the claims asserted in the subsequent action were, or could have been raised, in the prior action." *Fed. Treasury Enter. Sojuzplodoimport v. Spirits Int'l B.V.*, 809 F.3d 737, 745 (2d Cir. 2016).

With respect to the third prong of the test, New York is a "'permissive counterclaim' jurisdiction and does not require a litigant to assert all counterclaims in their original action." *Noriega*, 2017 WL 3172998, at *5. However, "an exception to this rule bars a subsequent lawsuit that amounts to an attack on a judgment previously issued by the state court." *Id.* (internal quotation marks omitted). "[A] party is not free to remain silent in an action in which he is a defendant and then bring a second action seeking relief inconsistent with the judgment in the first action." *Pike v. Freeman*, 266 F.3d 78, 92 n.16 (2d Cir. 2001); *accord Tesla Wall Sys., L.L.C., v. Related Companies, L.P.*, No. 17 Civ. 5966, 2017 WL 6507110, at *3 (S.D.N.Y. Dec. 18, 2017). Accordingly, "[a]s to the third element, we consider whether the second lawsuit concerns the same claim -- or nucleus of operative facts -- as the first suit, applying three considerations: (1) whether the underlying facts are related in time, space, origin, or motivation; (2) whether the underlying facts form a convenient trial unit; and (3) whether their treatment as a unit conforms to the parties' expectations." *Soules v. Connecticut, Dep't of Emergency Servs. & Pub. Prot.*, 882 F.3d 52, 55 (2d Cir. 2018) (citations omitted).

In this case, Wells Fargo satisfies all three requirements for *res judicata*. First, the previous action ended when the New York Supreme Court granted summary judgment, which constitutes a final judgment. *See, e.g.*, *Weston Funding Corp. v. Lafayette Towers, Inc.*, 550 F.2d 710, 715 (2d Cir. 1977) (holding that a summary judgment dismissal qualified as a decision on the merits for *res judicata* purposes); *Ranasinghe v. Kennell*, No. 16 Civ. 2170, 2017 WL 384357, at *4 (S.D.N.Y. Jan. 25, 2017) ("It is long settled in this Court that a summary judgment dismissal is considered a decision on the merits for *res judicata* purposes."). Second, both Wells Fargo and Ho-Shing were parties to the initial state court action. And third, all of the claims asserted in the Complaint were -- or could have been -- asserted in the state court action, because they all arise from the mortgage transaction at issue in state court.

This application is clearest with respect to the FCRA claim, which Plaintiff expressly raised in the state court proceeding and the New York court rejected. However, Plaintiff could have raised all four of his other claims in the first action, because their underlying facts are all substantially the same. Given that all the claims arise from the same "nucleus of operative fact," they would have formed a "convenient trial unit," and the Defendants would have expected all of the claims to be raised in a single action. Plaintiff did not pursue the additional claims in state court, presumably on the advice of his then counsel. Plaintiff in this action now seeks damages based on statutory violations stemming from the mortgage transaction, which would be inconsistent with the New York Supreme Court's grant of summary judgment to Wells Fargo. As a result, the claims are barred by the doctrine of *res judicata*.

This holding aligns with the dominant approach in such cases. "Courts in this Circuit have found that a plaintiff's federal-court claim is precluded by a state-court judgment in a foreclosure action when the plaintiff has alleged, in federal court, that the defendants acted improperly in connection with the making, validity or enforcement of the underlying mortgage." *George*, 2017 WL 3316065, at *7; *see, e.g.*, *Senatore*, 2017 WL 3836056, at *2; *Noriega*, 2017

WL 3172998, at *5; *Fequiere v. Tribeca Lending*, No. 14 Civ. 812, 2016 WL 1057000, at *7 (E.D.N.Y. Mar. 11, 2016); *Harriot v. JP Morgan Chase Bank NA*, No. 16 Civ. 211, 2016 WL 6561407, at *6 (S.D.N.Y. Oct. 21, 2016).[2]

### b) Collateral Estoppel

Even if Plaintiff's claims against Wells Fargo were not totally barred by *res judicata*, he nevertheless would be estopped from re-litigating key issues that are necessary to support the claims in the Complaint. "Under New York law, collateral estoppel bars claims where (1) the issue in question was actually and necessarily decided in a prior proceeding, and (2) the party against whom the doctrine is asserted had a full and fair opportunity to litigate the issue in the first proceeding." *Abdelal v. Kelly*, No. 17 Civ. 1166, 2018 WL 992307, at *2 (2d Cir. Feb. 21, 2018) (summary order) (citing *Colon v. Coughlin,* 58 F.3d 865, 869 (2d Cir.1995)). "The party asserting collateral estoppel bears the burden of showing that the identical issue was previously decided, while the party against whom the doctrine is asserted bears the burden of showing the absence of a full and fair opportunity to litigate in the prior proceeding." *Abdelal*, 2018 WL 992307, at *2.

In this case, Plaintiff is estopped from reasserting fraudulent behavior on the part of Wells Fargo in conjunction with his mortgage and foreclosure. First, the issue was necessarily determined in the state court action. Plaintiff's state court Answer asserted that Wells Fargo "fabricated documents and/or made false statements in documents for purposes of inducing the Defendants to pay money or surrender their home . . ." Although the New York Supreme Court's decision was short, it held that the "[a]nswer is nothing more than a general denial which is insufficient to create an issue of fact regarding defendants' obligation to pay . . ." *Ho-Shing I*,

---

[2] However, some courts "have found violations of federal predatory lending statutes to arise out of separate transactions than mortgage defaults, and therefore have declined to find them barred by *res judicata*." *Utreras v. Chicago Title Ins.*, No. 12 Civ. 4766, 2013 WL 4700564, at *4 (E.D.N.Y. Sept. 1, 2013) (Citing *Council v. Better Homes Depot, Inc.*, 4 Civ. 5620, 2006 WL 2376381, at *5 (E.D.N.Y. Aug.16, 2006).

No. 380685/2013, at 1. In finding for Wells Fargo, the state court necessarily rejected Plaintiff's contention that Wells Fargo forged documents in order to effect the foreclosure of his home.

Second, Plaintiff had a full and fair opportunity to litigate the issue of Wells Fargo's fraud in the first action. Plaintiff was represented by counsel at the summary judgment stage, and even litigated the issue two additional times when he moved to vacate the judgment of foreclosure and stay the case pending appeal. The New York Supreme Court rejected Plaintiff's contention that Wells Fargo fabricated documents in adjudicating both motions, finding that he "failed to meet his burden of establishing fraud, misrepresentation, or other misconduct . . ." *Ho-Shing III*, No. 380685/2013, at 1; *see also Ho-Shing IV*, No. 380685/2013, at 17.

As a result, Plaintiff cannot re-litigate the issue of Wells Fargo's fraud in this action; he is not entitled to a fourth bite at the apple. *See, e.g.*, *Wenegieme*, 2017 WL 1857254, at *9 (holding that a plaintiff was collaterally estopped because "[t]o now hold that the documents presented in the Foreclosure Action were fraudulent would destroy or impair the rights or interests established in that previous action, *i.e.,* it would mean that court in the Foreclosure Action incorrectly found that U.S. Bank had standing, incorrectly entered the Foreclosure Judgment in its favor, and incorrectly denied Plaintiff's motion to vacate."); *Holmes v. Caliber Home Loans, Inc.*, No. 16 Civ. 3344, 2017 WL 3267766, at *8 (S.D.N.Y. July 31, 2017) ("collateral estoppel bars Plaintiff from asserting that Defendants fraudulently foreclosed on the Subject Property."). Since the issue of fraud cannot be revisited, Plaintiff fails to state a plausible claim for violations of the FDCPA, GBL, FCRA or for civil conspiracy against Wells Fargo. The key factual allegations underpinning these claims are that Wells Fargo falsified and backdated documents. Once the allegations of fraud have been excised because of collateral estoppel, the Complaint does not plead sufficient facts to survive Wells Fargo's 12(b)(6) motion.

### B. Additional Defendants

Collateral estoppel also bars the claims against Budd, SDB and Johnson. Although these Defendants were not parties to the first action, they can rely on collateral estoppel because "the party against whom the doctrine is asserted" -- i.e., Plaintiff -- "had a full and fair opportunity to litigate the issue in the first proceeding." *Abdelal*, 2018 WL 992307, at *2. The claims against Budd and SDB are all rooted in the same alleged fraud that was already litigated. The lynchpin of the Complaint is that "Alexander Budd, his employer, the law firm of Shapiro, Dicaro & Barak, LLC and Wells Fargo Bank [took] actions of filing and maintaining the frivolous foreclosure action and opposing plaintiff's motion for relief which sought to vacate the order of reference and summary judgment for fraud upon the Court with use of false statements and submitting fake documents." Likewise, the claims against Johnson are predicated upon her backdating her notary stamp on the assignment of mortgage document.

In granting summary judgment to Wells Fargo, the New York Supreme Court necessarily rejected Plaintiff's contention that Johnson had forged documents, and that Budd had submitted them in order to hoodwink the court into granting a judgment of foreclosure. Plaintiff's state court Answer raised these contentions, and the state court rejected them. Accordingly, all claims against Wells Fargo, Budd and SDB are dismissed.

## IV. CONCLUSION

For the foregoing reasons, Defendants' motion to dismiss is GRANTED. The case is dismissed with prejudice. The Clerk of Court is respectfully directed to close all outstanding motions and terminate the case. The Clerk of Court is also directed to mail a copy of this Opinion and Order to the *pro se* Plaintiff.

Dated: May 17, 2018
New York, NY

LORNA G. SCHOFIELD
UNITED STATES DISTRICT JUDGE